IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yaritzel Hall Perry, Patrice Simmons, and Brionna Johnson, <br><br> Plaintiffs, <br><br> v. <br><br> Berkeley Electric Cooperative, <br><br> Defendant. | Civil Action No.: 2:22-1079-BHH <br><br> **ORDER** |

  Plaintiffs Yaritzel Hall Perry ("Hall Perry"), Patrice Simmons ("Simmons"), and Brionna Johnson ("Johnson") (collectively, "Plaintiffs"), filed this employment discrimination action against their former employer, Berkeley Electric Cooperative ("Defendant"). In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling and a Report and Recommendation ("Report").

  On April 18, 2022, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and a motion for order to show cause. (ECF Nos. 18 and 20.) Plaintiffs were granted multiple extensions to respond to the motions, and after they obtained counsel, counsel filed responses. (ECF Nos. 46 and 47.)

  On December 12, 2023, Magistrate Judge Molly H. Cherry issued a Report, outlining the issues and recommending that the Court grant in part and deny in part Defendant's motion to dismiss. Specifically, the Magistrate Judge recommended that the Court grant the motion to dismiss as to all claims alleged by Plaintiff Johnson and as to the Title VII race discrimination claims raised by Plaintiffs Hall Perry and Simmons, but that the Court deny the motion to dismiss as to the Title VII retaliation claims alleged by Hall Perry and

Simmons.  The Magistrate Judge further recommended that the Court deny Defendant's motion to show cause.  (ECF No. 50.)  Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and recommendations. Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 50); grants in part and denies in part Defendant's motion to dismiss (ECF No. 18), as set forth in the Report; and denies Defendant's motion for order to show cause (ECF No. 20).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 3, 2024
Charleston, South Carolina